UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                       Case No: 8:22-cr-0078-KKM-MRM

PATRICK DINES,

    Defendant.
_____

## ORDER

    A grand jury returned an Indictment against Patrick Dines, finding probable cause that Dines violated 18 U.S.C. § 1505 by corruptly endeavoring "to influence, obstruct and impede" a Coast Guard investigation. (Doc. 1 at 1.) Dines moves to dismiss the Indictment, arguing that it fails to charge a qualifying "proceeding" or that Dines knew of a proceeding. (Doc. 43.) Because the Indictment charges all the elements of an offense under § 1505, the Court denies the motion.

    I.    **BACKGROUND**

    In 2017, Dines owned a yacht chartering company. (*Id.* at 2.) On March 14, 2017, a group of students rented one of the company's yachts. (*Id.*) While the group sailed the yacht offshore, the sea swept away and drowned a student and a crewmember. (*Id.*)

Dines, who was not on the yacht at the time, met the craft when it returned to port. (*Id.* at 2–3.) At this point, the Indictment picks up the story, charging that Dines

> did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding, to wit, the investigation into the marine casualty and illegal charter involving the motor yacht JAGUAR that occurred on March 14, 2017, was being had before the United States Coast Guard, by encouraging witnesses to provide false information material to that investigation to United States Coast Guard investigators, in violation of 18 U.S.C. § 1505.

(Doc. 1 at 1–2.) This language tracks § 1505, which makes it a crime to corruptly "influence[], obstruct[], or impede[] or endeavor[] to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States." 18 U.S.C. § 1505.

A grand jury found probable cause to support the Indictment's charge. (Doc. 1.) Dines moves to dismiss the Indictment. (Doc. 43.) The government opposes the motion. (Doc. 46.) With permission, Dines replies. (Doc. 59.)

## II.   LEGAL STANDARD

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). A legally sufficient indictment (1) presents the "essential elements" of the offense; (2) "notifies the accused of the charges"; and (3) bars subsequent prosecution for the same offense. *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (per curiam) (quotation omitted).

2

A defendant may move to dismiss an indictment that fails to state an offense. *See* FED. R. CRIM. P. 12(b)(3)(B)(v). "In judging the sufficiency of the indictment, the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated." *United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986). An indictment's sufficiency "is determined from its face," without consideration of other evidence. *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). An indictment states an offense when it "allege[s] each of the elements of the statute." *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself[.]" *Hamling v. United States*, 418 U.S. 87, 117 (1974). Courts view the indictment in the light most favorable to the government. *See United States v. Sharpe*, 438 F.3d 1257, 1264 (11th Cir. 2006).

### III. ANALYSIS

To state an offense under 18 U.S.C. § 1505, an indictment must charge that (1) an agency proceeding was pending; (2) the defendant was aware of that proceeding; and (3) that he intentionally endeavored to influence, obstruct, or impede the proceeding. *See United States v. Taohim*, 817 F.3d 1215, 1220 (11th Cir. 2013) (per curiam). Dines moves to dismiss here, arguing that the Indictment omits the first and second elements.

## A. The Indictment Charges a Qualifying Proceeding

The Indictment charges that Dines obstructed a Coast Guard marine casualty investigation. (Doc. 1.) Dines contends that the investigation fails to qualify as a "proceeding" as that term is used in § 1505. He is mistaken.

Under § 1505, "proceeding" is a broad term. It encompasses "both the investigative and adjudicative functions of a federal agency." *United States v. Schwartz*, 924 F.2d 410, 423 (2d Cir. 1991); *see United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970) (same); *see also Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining proceeding to include the "business conducted by a court or other official body").

Dines agrees but counters that a mere police investigation does not qualify under § 1505. True. But an investigation passes that threshold when the agency has "some adjudicative power" or authority "to enhance [its] investigations through the issuance of subpoenas or warrants." *United States v. Kelley*, 36 F.3d 1118, 1127 (D.C. Cir. 1994); *accord United States v. Senffner*, 280 F.3d 755, 761 (7th Cir. 2002); *United States v. Vixie*, 532 F.2d 1277, 1278 (9th Cir. 1976).

The Coast Guard has such "'enhanced' investigative powers." *United States v. Pugh*, 404 F. App'x 21, 26 (6th Cir. 2010). Coast Guard investigators "have the power to administer oaths" and "subpoena witnesses." 46 C.F.R. § 4.07-5. Though a small piece of the Coast Guard's vast investigatory, adjudicative, and rulemaking authority, those powers

4

are sufficient to raise a Coast Guard investigation above a "mere police investigation" and satisfy § 1505's proceeding requirement. *Senffner*, 280 F.3d at 761; *see Kelley*, 36 F.3d at 1127 (holding that the Inspector General's inquiries constitute a proceeding because he is "empowered to issue subpoenas and to compel sworn testimony [for] an investigation"); *accord Pugh*, 404 F. App'x at 26; *Rice v. United States*, 356 F.2d 709, 715 (8th Cir. 1966); *United States v. Laurins*, 857 F.2d 529, 536 (9th Cir. 1988); *United States v. Sutton*, 732 F.2d 1483, 1490 (10th Cir. 1984).

Making matters more difficult for Dines, precedent stands in his way. The Eleventh Circuit has affirmed convictions under § 1505 for obstructing Coast Guard investigations. *See Taohim*, 817 F.3d at 1220–21; *United States v. Gonzalez*, 540 F. App'x 967, 969, 971–72, 981 (11th Cir. 2014). Though that court has not explicitly held that a Coast Guard investigation is a qualifying proceeding, it has referred to the Coast Guard's activities as an "investigation" and a "proceeding" interchangeably. *Taohim*, 817 F.3d at 1220.

The Second, Third, and Fourth Circuits have also affirmed § 1505 convictions for obstructing Coast Guard investigations. *See United States v. Ionia Mgmt. S.A.*, 555 F.3d 303, 306 (2d Cir. 2009); *United States v. Vastardis*, 19 F.4th 573, 587 (3d Cir. 2021); *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 181, 184 (4th Cir. 2018); *United States v. Julian*, 751 F. App'x 378, 379 (4th Cir. 2018) (per curiam); *United States v. Katsipis*, 598 F. App'x 162, 163–64 (4th Cir. 2015) (per curiam).

5

While concluding that a Coast Guard investigation qualifies as a § 1505 proceeding was necessary to the above cases, few courts expressly consider the point. Those that have agree: A Coast Guard investigation is a proceeding under § 1505. *See Vastardis*, 19 F.4th at 587; *United States v. Stickle*, 355 F. Supp. 2d 1317, 1329 (S.D. Fla. 2004) (Gold, J.), *aff'd*, 454 F.3d 1265 (11th Cir. 2006).

In sum, the Indictment charges that Dines obstructed a Coast Guard investigation, which is an agency proceeding under § 1505.

### B. The Indictment Charges Dines with Knowledge of a Proceeding

Along with a qualifying proceeding, the Indictment must charge that Dines knew of the proceeding. *See Taohim*, 817 F.3d at 1220; *Hamling*, 418 U.S. at 117–18. But the "law does not compel a ritual of words." *United States v. Purvis*, 580 F.2d 853, 857 (5th Cir. 1978). An indictment need not recite technical terms "so long as the allegation that the crime was committed with the requisite state of mind may be inferred." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (quotation omitted). It is sufficient if "the facts alleged in the indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998); *accord United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015) (per curiam).

6

Despite Dines's argument to the contrary, the Indictment meets this standard. Taken as a whole, the Indictment's facts "warrant an inference" that Dines knew of the Coast Guard investigation. *Fern*, 155 F.3d at 1325.

The Indictment connects Dines's goal to the Coast Guard investigation, charging that Dines "did corruptly endeavor to influence . . . the due and proper administration of the law under which a pending proceeding . . . was being had before the United States Coast Guard." (Doc. 1 at 1); *cf. United States v. Haas*, 583 F.2d 216, 220 (5th Cir. 1978) (explaining that a corrupt endeavor is necessarily "intentional and knowing").

The Indictment also links Dines's action to the investigation, charging that Dines "encourage[ed] witnesses to provide false information material to that investigation to United States Coast Guard investigators." (Doc. 1 at 1–2.) It is difficult to imagine how—or why—Dines would have "encourage[ed] witnesses to provide false information . . . to United States Coast Guard investigators" if he did not know that the Coast Guard was investigating. *See Haas*, 583 F.2d at 219–20 (concluding that an indictment alleged that a defendant knew of a grand jury proceeding when it charged that he "corruptly did endeavor to influence" a grand juror). Or how he instructed them to withhold information that was "material to *that* investigation," if he did not know there was an investigation at all. (Doc. 1 at 1–2 (emphasis added)); *see Woodruff*, 296 F.3d at 1047–48 (concluding that an

7

indictment necessarily included knowledge when the charged acts "can only be imagined as being done knowingly").

Dines counters that other interpretations of the Indictment are possible. (Doc. 59 at 4.) Perhaps so. But at this stage, the Indictment is "viewed in the light most favorable to the government." *See United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). And when so viewed, the Indictment's allegations "warrant an inference" that the grand jury found probable cause to conclude that Dines knew of the investigation. *United States v. McGough*, 510 F.2d 598, 602 (5th Cir. 1975). Whether Dines *actually* knew is a matter for trial. *See Torkington*, 812 F.2d at 1354.

The Indictment is not loquacious. But "it recites facts and uses language which, taken as a whole, indicate knowledge" of a pending proceeding. *Haas*, 583 F.2d at 218.

## IV.   CONCLUSION

For these reasons, Dines's Motion to Dismiss the Indictment (Doc. 43) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 2, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge