UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No: 8:22-cr-78-KKM-MRM

PATRICK DINES

_____

## ORDER

Patrick Dines moved for a bill of particulars, claiming that the Indictment did not provide him with sufficient notice to adequately prepare his defense. (Doc. 69.) The Magistrate Judge denied his motion. (Doc. 87.) Dines now objects to that ruling, arguing that the Magistrate Judge clearly erred when he stated that the investigation began on March 14, 2017, and acted contrary to law in concluding that Dines was not entitled to a bill of particulars. (Doc. 90.) The government responds that the Magistrate Judge did not commit clear error and properly applied Eleventh Circuit precedent. (Doc. 105.) Dines's objections are partially overruled and partially sustained; his request for a bill of particulars is denied.

I.  BACKGROUND

The Indictment charges Patrick Dines with one count of violating 18 U.S.C. § 1505,[1] and it provides a succinct description of the facts giving rise to the charge:

> On or about March 14, 2017, in the Middle District of Florida, the defendant, PATRICK DINES, did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding, to wit, the investigation into the marine casualty and illegal charter involving the motor yacht JAGUAR that occurred on March 14, 2017, was being had before the United States Coast Guard, by encouraging witnesses to provide false information material to that investigation to United States Coast Guard investigators, in violation of 18 U.S.C. § 1505.

(Doc. 1; 108).

Dines moved to dismiss the Indictment arguing that it fails to allege the existence of a proceeding or that Dines had any knowledge of the proceeding. (Doc. 43.) After the Court denied that motion, (Doc. 61), Dines moved for a bill of particulars, arguing that the Indictment does not provide sufficient notice to allow him to adequately prepare a defense. (Doc. 69.) Specifically, Dines argued that the Indictment does not identify which Coast Guard proceeding he allegedly obstructed, which witnesses he allegedly encouraged to obstruct the proceeding, or how he encouraged witnesses to obstruct the proceeding.

---

[1] Doc. 108 contains a correction to the Indictment due to a clerical error. All factual allegations remain the same, and the Indictment remains materially unchanged.

(Doc. 69 at 5.) The Magistrate Judge denied the motion, concluding that Dines was not entitled to a bill of particulars because the Indictment, combined with statutory provisions and subsequent discovery, clarified any ambiguities. (Doc. 87 at 3–5.) In so ruling, the Magistrate Judge stated that the investigation at issue commenced on March 14, 2017.

## II.   LEGAL STANDARD

If a party files an objection within fourteen days of a Magistrate Judge's order, the Court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

Federal Rule of Criminal Procedure 7(f) permits a defendant to move for a bill of particulars, which if properly granted, "supplements an indictment by providing the defendant with information *necessary* for trial preparation," *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). As such, a defendant is not "entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017). A true bill of particulars serves to notify the defendant of the charges so that he can prepare a defense, to minimize surprise at trial, and to enable him to plead double jeopardy. *E.g.*, *Anderson*, 799 F.2d at 1441.

## III. ANALYSIS

Dines objects to the Magistrate Judge's order, raising both factual and legal arguments. Dines first contends that the Magistrate judge made an impermissible factual finding. Dines next argues that the Magistrate Judge's conclusion that Dines has sufficient notice based on the Indictment and discovery was contrary to law. The Court sustains his factual objection (to the extent a finding of fact was made) and overrules his legal objections.

### A. Dines's Factual Objection

In summarizing the Coast Guard investigator's report, the Magistrate Judge noted that "[t]he investigation began on March 14, 2017, the date of the incident, and concluded on May 31, 2017, the date on which the investigator filed his report." (Doc. 87 at 10–11.) In context, the Magistrate Judge relied upon the report's dates to conclude that Dines has notice as to which investigation he allegedly influenced, obstructed, or impeded. (*See id.* at 10–11.) But to the extent that the Magistrate Judge's statement could be construed as a factual finding that the Coast Guard investigation unequivocally commenced on March 14, 2017, Dines's objection is sustained. When the investigation began is a question for the jury.

4

### B. Dines's Legal Objections

The Magistrate Judge correctly stated the governing law and appropriately applied it here. In making his determination, the Magistrate Judge considered the Indictment, "the plain language of the marine-casualty investigation statute, the . . . written report summarizing the investigation, and the Government's pre-trial motions, discovery, and oral argument." (Doc. 87 at 11.) He then concluded that Dines is aware of which investigation constituted the Coast Guard proceeding that he allegedly influenced, obstructed, or impeded. (*Id.*) Nevertheless, Dines objects on two grounds: (1) that an indictment itself must provide fair notice and (2) that discovery cannot clarify an otherwise ambiguous indictment. His arguments lack merit.

First, Dines argues that the Indictment could refer to a marine-casualty investigation into the deaths of Jie Luo and Andrew Dillman or an illegal charter investigation into the Jaguar yacht and its voyage on March 14, 2017. (Doc. 90 at 10–11.) The Magistrate Judge concluded that "the Indictment facially limits the charged offense to the investigation surrounding the March 14, 2017 incident," which included both "an investigation into the casualty itself and any illegal charter conducted on that day." (Doc. 87 at 6.) Dines argues that conclusion was contrary to law.

The Indictment charged Dines with obstructing "the investigation into the marine casualty and illegal charter" that occurred on March 14, 2017. (Doc. 1.) As a grammatical

5

matter, the Indictment employs the singular, not plural, use of "investigation," indicating that the government contends that there was one investigation and that it encompassed both the marine casualty and illegal charter. So Dines has notice that the investigation at issue spanned both topics.

More importantly, a "marine-casualty investigation" can include an investigation into an illegal charter by the nature of the legal term "marine-casualty investigation." Under 46 U.S.C. § 6301, a Coast Guard agent in a marine casualty investigation must, among other things, determine "whether an act of misconduct, incompetence, unskillfulness, or willful violation of law . . . contributed to the cause of the casualty, or to a death involved in the casualty." *Id.* § 6301(3). The Coast Guard investigator must also mine for "evidence [of] an act subjecting the offender to a civil penalty under the laws of the United States" or of "a criminal act under the laws of the United States." *Id.* § 6301(4)–(5). The resulting illegal charter investigation thus appears to be part of the marine casualty investigation as contemplated by statute. For the above reasons, Dines has not shown that the Indictment itself failed to provide notice. But even if the Indictment in conjunction with the statute lacks precision, the Magistrate Judge's ruling was not contrary to law because precedent clearly permits the use of post-indictment materials to clarify ambiguities. Which leads to Dines's second objection.

6

Dines also objects that the Magistrate Judge improperly considered post-indictment materials to conclude that Dines has sufficient notice of the charges against him. (Doc. 90 at 12.) Dines acknowledges (in a footnote) that the Magistrate Judge "faithfully applied Eleventh Circuit precedent," but contends that "this precedent . . . is contrary to law." (*Id.* at 13 n.7.) Dines may challenge that precedent to the Eleventh Circuit en banc court, but for purposes of his objections to this Court, the law is clear: a defendant is not entitled to a bill of particulars when the information he seeks can be easily obtained through other means such as post-indictment discovery. *See Davis*, 854 F.3d at 1293. And the government has clarified several times, including at the hearing on Dines's motion for a bill of particulars and in its responses to Dines's motion and objection, that the investigation was the marine-casualty investigation arising from Luo's and Dillman's initial status as persons missing at sea (and later deaths), including an illegal charter investigation into the Jaguar's activities occurring around March 14, 2017. (*See* Doc. 76 at 1; Doc. 87 at 13.) To the extent that Dines raises new arguments about the meaning of "definite" in Federal Rule of Criminal Procedure 7(c)(1), they are unavailing under current caselaw, although he may press any preserved arguments on appeal.

## IV.    CONCLUSION

The Magistrate Judge did not make conclusions that were contrary to law; Dines's legal objections are therefore overruled. To the extent that the Magistrate Judge's comment

about the date that the investigation commenced could be construed as a factual finding, Dines's objection is sustained. Accordingly, the following is **ORDERED**:

1. Dines's factual objection is **SUSTAINED** to the extent that the order denying his motion for bill of particulars can be construed as containing an improper finding of fact.

2. Dines's legal objections to the order denying his motion for bill of particulars are **OVERRULED**.

3. Dines's request for a bill of particulars is **DENIED**.

**ORDERED** in Tampa, Florida, on November 30, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge