UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No: 8:22-cr-78-KKM-MRM

PATRICK DINES

_____

## ORDER

The Indictment charges Patrick Dines with obstructing a Coast Guard proceeding by encouraging witnesses to provide false information to investigators. (Doc. 1.) The Coast Guard investigation originated out of a search-and-rescue effort to find two individuals lost at sea and who were eventually confirmed dead. To secure a conviction for the charged offense, 18 U.S.C. § 1505 requires that the government must prove that (1) there was a proceeding, (2) Dines knew about the proceeding, and (3) he intentionally tried to corruptly influence, impede, or obstruct the proceeding. *See United States v. Taohim*, 817 F.3d 1215, 1220 (11th Cir. 2013).

Patrick Dines moves to exclude evidence about the deaths of Andrew Dillman and Jie Luo after being swept out to sea on the basis that their ultimate fatalities are not relevant. (Doc. 97.) Dines also contends that, even if relevant, the prejudicial value of their deaths substantially outweighs any probative value. (*Id.* at 6.) The government responds that

evidence of the deaths at sea is probative of Dines's knowledge, motive, and intent; is intertwined with the facts underlying the charge; and highly probative such that any prejudice or confusion does not outweigh its value. (Doc. 117 at 3.) After reviewing the parties' papers and hearing argument at the pretrial conference, the Court grants Dines's motion to exclude evidence of Andrew Dillman's and Jie Luo's deaths.

To put that ruling in context, *when* Dines allegedly encouraged witnesses to provide false information is key. According to the government's representations throughout the case, Dines encouraged passengers to lie to Coast Guard investigators upon the yacht's return to the marina on the evening of March 14, 2017. At that time, Dillman and Luo were missing at sea under grim conditions. But the government concedes that their bodies were not recovered until "several days later" and it cannot be "confirmed with certainty that the individuals were in-fact deceased at the time of the defendant's alleged offense conduct." (Doc. 117 at 2, 6–7.) As such, evidence of their deaths gathered in the days and months after the evening in question cannot make it more or less likely that Dines acted with the requisite mental intent at the time he allegedly encouraged passengers to lie at the marina on March 14, 2017. Nor does later confirmation of their deaths bear on his motive on that evening. It therefore is not relevant for the primary purpose for which the government seeks to introduce it. (Doc. 117 at 3 "knowledge, motive, and intent behind the defendant's actions").

But the ruling is not as expansive as Dines requests. The conditions at the time of the alleged obstruction are *very* relevant to Dines's mental state and motive, including the sea conditions, time of day, length that the individuals had been missing at sea without any life-saving equipment, and other unfavorable facts that bear on the gravity of the situation. (*See* Doc. 117 at 8–9.) Those facts are relevant and not unfairly prejudicial. The government may introduce evidence of that situation leading up to the alleged obstruction efforts by Dines. In that regard, Dines's request to refer to the marine casualty being investigated as simply an "incident" is denied.

The government also presses that the evidence of Dillman's and Luo's deaths, "while not part of the charged offense, is inextricably intertwined with the chain of events explaining the context, motive, and set-up of the defendant's actions." (Doc. 117 at 6 (citing *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)).) Perhaps it is admissible to allow the government to "complete the story of the crime for the jury," *McLean*, 138 F.3d at 1403, but even if it were, the probative value is substantially outweighed by a danger of unfair prejudice here. *See* Fed. R. Evid. 403. The deaths of Dillman and Luo have the capacity to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Dines is not charged with causing Dillman's and Luo's deaths, and the deaths are not an element of his charged obstruction offense. Importantly, they carry the

3

real risk that the jury might convict Dines based on an emotional reaction to the loss of two lives in the tragic manner that occurred here.

In sum, the Court grants Dines's motion to exclude evidence confirming the deaths of Dillman and Luo gathered in the days and months following March 14, 2017. But the government may present evidence of what occurred leading up to the alleged obstruction, such as the weather and marine conditions, time of day, and other factors that bear on Dines's knowledge and motive at that time. The government must simply not reference the confirmation of Dillman's and Luo's deaths that followed that evening. Accordingly, Dines's motion to exclude evidence about deaths at sea (Doc. 97) is **GRANTED** as explained in this order.

**ORDERED** in Tampa, Florida, on December 2, 2022.

*[Signature: Kathryn Kimball Mizelle]*
Kathryn Kimball Mizelle
United States District Judge

4